38 C.C.P.A. (Patents)

### In re ASHMAN.
### Patent Appeals No. 5770.

United States Court of Customs and Patent Appeals.

April 3, 1951.

J. Calvin Brown, Los Angeles, Cal., and Lee L. Townshend, Washington, D. C., for appellant.

E. L. Reynolds, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

JACKSON, Judge.

Appellant filed in the Patent Office under date of March 23, 1946, an application for a patent, serial No. 656,693, alleging new and useful improvements in an article of manufacture called an "Ear Wax Remover."

The Primary Examiner finally rejected all of the claims, 6 and 7, as unpatentable over a patent to Metzger entitled "Ear and Finger-Nail Cleaner," No. 1,138,967, dated May 11, 1915, upon an application, serial No. 830,736, filed April 9, 1914.

The Board of Appeals affirmed the decision of the examiner and from the decision of the board this appeal was taken.

The appealed claims read as follows:

"6. An ear wax remover, including a stem provided at one end with a part for removing ear wax, a handle secured to said stem, and a disc fixedly carried by the stem and of a diameter sufficient to fit within the concha without permitting entrance thereof within the external acoustic meatus, to space the ear wax removing part from the tympanic membrane, the said stem being fully inserted within the external acoustic meatus.

"7. An ear wax remover including a stem, a small disc for removing the wax carried at one end of the stem, a handle secured to the stem, and a large disc fixedly positioned between said handle and the stem, said large disc being spaced less than 2.5 centimeters from the small disc and said large disc adapted to engage the concha for spacing the small disc from the tympanic membrane when the stem is fully inserted within the external acoustic meatus."

As may be observed from the claims, the alleged invention has reference to an instrument for removing wax from the ear. On one end of a stem there is a handle. On the opposite end there is an ear wax scraper and between the two there is a disc placed at a predetermined distance from the scraper. The distance between the disc and the scraper is calculated so that when in use the scraper will not touch the tympanic membrane. The disc is of such a size as to fit within the concha or shell of the outer ear but large enough so that it will not enter into the external acoustic meatus or canal extending from the tympanum or ear drum to the orifice of the concha.

The Metzger patent discloses an instrument which comprises a stem, at one tapered extremity of which there is a circular ear wax scraper and at the opposite tapered end a curved, seemingly sharp nail cleaner. Between the two tapered parts the stem is screw-threaded to permit engagment with a cylindrical head or stop. Thus, the distance between the ear scraping disc and the stop may be varied so that the depth of the insertion of the instrument into the ear may be limited.

The Primary Examiner, in his decision, held that the difference between the structure defined by the involved claims and the Metzger device is merely in that in the device of appellant the spacing disc is fixed to the stem, whereas, in that of the Metzger patent, it is adjustably mounted thereon. The examiner was of opinion that the change from the adjustable spacing disc of the reference to the fixed disc of appellant would require mechanical skill only and therefore did not involve invention.

The Board of Appeals agreed with the reasoning of the examiner. It was argued below and is argued here by counsel for appellant that the patentee seemingly realized the danger of using an ear wax instrument for the reason that he provided a means to prevent the scraping disc from contacting the ear drum. It also has been argued that even though the patentee understood that his ear wax instrument is normally dangerous, he did not realize that an adjustable nut or stop would necessarily be adjusted to such position as to insure the ear drum against injury.

The patentee points out in his specification that by reason of his structure the depth of the insertion of the device into the ear may be limited so as to prevent injury and that is precisely the function of the middle disc of the apparatus of appellant.

It is argued that because the middle disc or guard in appellant's device is placed at a predetermined point that such placing involved invention for the reason that it is a safety feature not found in the reference.

It is stated in appellant's specification that the external acoustic meatus in the average adult extends approximately 2.50 centimeters in length and that in children the length is much less. It is clear to us that if the adjustable member in the reference is so set as to be left at a distance of less than 2.50 centimeters from the scraping member and kept in that position the patented device must operate in exactly the same way as that of appellant and perform the same function with safety.

It may be noted here that the only substantial difference between the rejected claims is that in claim 7 the space of less than 2.50 centimeters is expressed, whereas, such measurement does not appear in claim 6.

We find no novel or unexpected result from the mere fact that in appellant's instrument the outer disc is part of the stem structure, whereas, in the instrument of the patent, the stop is adjustable.

It may well be that the device defined by the claims can be considered as dangerous under certain circumstances. For instance, if used by a child or by an adult with a shorter ear canal than that which appellant states to be the distance in the average adult ear, it would not be safe.

We find nothing in the appealed claims which teaches anything to the art and the decision of the Board of Appeals is affirmed.

Affirmed.